## GRIFFIN v. SOUTHLAND LIFE INS. CO.
### No. 2170.

Court of Civil Appeals of Texas. Eastland.
July 15, 1941.

Post & Dillard, of Dallas, for appellant.

Malone, Lipscomb, White & Seay, of Dallas, for appellee.

## FUNDERBURK, Justice.

A double indemnity provision of a life insurance policy issued by Southland Life Insurance Company to Jess Emmett Griffin in which insured's wife, Lalla Mae Griffin, was the beneficiary, conditioned the promise of payment, among other things, upon the fact that the death of the insured should not "occur while in the service of any police organization." On December 27, 1933 insured was killed in a collision between a motorcycle, on which he was riding, and an automobile. Insured was at the time a motorcycle officer in the city of Dallas, which was a part of the police organization of said city.

Proof of death was duly made and submitted on January 1, 1934, and check issued and delivered in the sum of $1,985.15, which covered the double indemnity liability, if any. Payment of the check was stopped on the ground it mistakenly included payment for double indemnity and in lieu of that check the beneficiary accepted one for $985.15, which excluded the $1,000 for double indemnity.

This suit was brought on October 14, 1939 by the said beneficiary to recover upon the double indemnity provision of the policy, together with penalty, interest and attorney's fees.

The insurer, in addition to contesting the claim of its liability on the ground that the insured was killed while in the service of a police organization—an excepted risk —pleaded the statute of limitation of four years (R.S.1925, Art. 5527), and also an accord and satisfaction. In reply to defendant's plea of limitation, plaintiff alleged fraud, or mistake, and estoppel because of fraud to assert the defense of limitation.

In line with appellant's contention we shall assume, without deciding, that the exception to liability of the insurer upon the double indemnity provision related, not to general employment in the service of a police organization, but to the fact of the performance of such service at the time of insured's injury resulting in his death. In other words, if the collision, as the result of which insured received the injury from which he died, occurred at a time when he was off duty as a motorcycle officer, we shall assume that the insurer would be liable, unless the cause of action was barred by limitation.

In our opinion, the evidence established conclusively, as a matter of law, that the insured received the injuries resulting in his death while on duty as a motorcycle officer. Apparently the only evidence relied upon as raising an issue of fact to the contrary was the testimony of plaintiff to the effect that insured came home for supper on the evening of the accident between 5 and 6 o'clock; and, on arrival, picked up the telephone and said: "Officer Griffin reporting off for dinner." Plaintiff further testified: "He left the house about 6 o'clock. He said he had to go and pick up his partner. Mr. Griffin did not use the telephone any more before he left the house." One police record (in evidence) listed the time of the accident at 6:05 p. m. Another such record showed that insured was, at the time of the collision, answering a call made at 6:07 p. m. to go to the emergency hospital to investigate a reported stabbing. All the testimony was introduced by the plaintiff. It seems to us to raise no issue to support a finding to the effect that insured was off duty when injured. If his report "Officer Griffin reporting off for dinner" be taken to show he was off duty while at dinner, there was an entire absence of any evidence to show that he remained off duty for any time after dinner, or after he left the house at 6 o'clock. It was not shown that he was required to report back either in person or by telephone. His motorcycle had a radio receiving set. According to the uncontroverted evidence he was subject to orders over the radio and was actually carrying out such an order at the time of the accident. Whether there was, therefore, any issue of fact regarding limitation, the peremptory instruction for

the defendant, we think, was nevertheless proper.

■ If, as we have assumed in accordance with appellant's contention, the policy provision in question was operative when insured was off duty, then, of course, the fact that he paid premiums at times at insurer's office while dressed in his uniform, thereby (as contended) giving notice of his employment in the service of a police organization, could afford no basis for a waiver, even if it otherwise would do so. Manifestly, if the assumed construction of the policy be correct the insured, while paying the premium for double indemnity, although a police officer, was, under the contract, insured subject only to a limitation of which presumably both parties had full knowledge from the terms of the policy.

■ Even if we be in error in the conclusion that no question of fact was involved regarding liability we are of the opinion that the alleged cause of action was conclusively shown to be barred by the four year statute of limitation (Art. 5527, R.S.1925). Proof of death was made January 1, 1934. Then, if not before, plaintiff's cause of action, if any, accrued. The suit was filed October 14, 1939, or five years, 9 months and 13 days later. These facts were conclusively established by the evidence offered by plaintiff.

Plaintiff, both in her petition (trial pleading) and first amended first supplemental petition, alleged alternatively fraud or mistake as tolling the running of limitation and estopping defendant from asserting the bar of limitation. As appellant, she contends that an issue of fact was raised by the evidence regarding limitation and hence the action of the court in peremptorily instructing the verdict was erroneous.

■ If we assume that fraud, or mistake, was sufficiently pleaded to toll the running of limitation, the evidence was wholly insufficient to raise an issue upon such plea. The plaintiff testified that "Mr. Short came out to talk to me about this matter. That is, Mr. Short of the Southland Life Insurance Company * * *. He came back with my father * * *. Mr. Short said the check was turned down because it [Insured ?] was in line of police duty. That is what he told me. He told me that in the presence of my father.

I did not do anything more about this myself. I left it up to my father from that time on * * *. I felt like the Southland Life Insurance Company still owed me the double indemnity * * *. I believed what Mr. Short told me."

The above is the substance of the only representations made by Short as testified to by plaintiff. The father testified: "I believe Mr. Short was the man who talked to me. I asked him what was the trouble that that check was held up. He said 'Griffin had double indemnity and we wrote the check for it all right, later we found we were doing the wrong thing in paying' —some remark like that—and he said 'We have got a check made out here for a little less than $1,000.' He had it lying on the table. He said 'That is all that is due him.' With reference to whether he gave me any reason for turning the check down he said it was hazardous work—I believe he said, that brought it about."

The above shows no more than Short's explanation for not paying double indemnity. It constitutes no representation of any material fact. There was no evidence from which it could be inferred that the statement was made for the purpose of inducing any action, or inaction, on the part of the plaintiff. There was shown no existing fiduciary relation between the parties. No reliance upon the statement was shown; but the contrary. Plaintiff requested the refund to her of the premiums paid for double indemnity and same were refunded. She signed a receipt which recited:

"In full settlement of all claims under policy No. 108403 death claim No. 3828 Life of Jess Emmett Griffin (Double Indemnity benefit not payable according to terms of supplemental contract)

Amount of policy payable $1,000
Less premium note $14.66
Interest thereon .25
Balance payable $985.15".

There is wholly absent from the evidence any to the effect that representatives of the insurer claimed to have investigated the material facts as to whether insured was killed while off duty and to have made any false statement regarding such facts.

In our opinion, no error having been shown, the judgment of the court below should be affirmed, and it is accordingly so ordered.